IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEZIAH J.[1],                               )
                                            )
                 Plaintiff,                 )
                                            )
vs.                                         )    Case No. 24-CV-2593-SMY
                                            )
FRANK BISIGNANO,                            )
COMMISSIONER OF SOCIAL                      )
SECURITY,                                   )
                                            )
                 Defendant.                 )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff Keziah J. seeks judicial review of the final agency decision denying her application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act.

## Procedural History

Plaintiff filed for SSI on September 8, 2021 (Tr. 17, 176). Her claim was denied on December 1, 2022 (Tr. 17; 114). Plaintiff requested an evidentiary hearing before an Administrative Law Judge ("ALJ") on December 19, 2022 (Tr. 17, 117). An evidentiary hearing was held on August 15, 2023 (Tr. 17). Following the hearing, the ALJ issued an unfavorable decision on December 19, 2023 (Tr. 14–36).

Plaintiff requested review by the Appeals Council on January 16, 2024 (Tr. 171–172). The Appeals Council denied review on November 13, 2024, making the ALJ's decision the final agency decision subject to judicial review (Tr. 1).

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed.R.Civ.P. 5.2(c) and the Advisory Committee Notes.

### Issues Raised by Plaintiff

Plaintiff raises the following issues for judicial review:

1. Whether the ALJ failed to properly evaluate Step Two of the sequential evaluation; and

2. Whether the ALJ applied the proper legal standard when evaluating credibility.

### Legal Standard

To qualify for SSI benefits, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he or she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

In determining whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his or her former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520. An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g).  Thus, the Court is not tasked with determining whether Plaintiff was disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made.  *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for substantial evidence, the Court considers the entire administrative record, but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ.  *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).  At the same time, judicial review is not abject; the Court does not act as a rubber stamp for the Commissioner.  *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

### Decision of the ALJ

The ALJ followed the five-step analytical framework with respect to Plaintiff's application. The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 8, 2021, and found Plaintiff had the severe impairments of bipolar disorder, major depressive disorder, affective disorder, generalized anxiety disorder, PTSD, personality disorder, degenerative disc disease, fibromyalgia, EDS, and ADHD (Tr. 19).  The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20).  She also found Plaintiff has no past relevant work (Tr. 28).

The ALJ found the following regarding Plaintiff's Residual Functional Capacity ("RFC"):

After careful consideration of the entire record the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined

> in 20 CFR 416.967(c) except the claimant can frequently stoop; is able to complete simple, routine tasks with minimal changes in job duties and setting and she should avoid fast-paced production work, for example avoiding hourly quotas. The claimant can have occasional interaction with the general public, supervisors, and co-workers.

(Tr. 22)

The ALJ credited the Vocational Expert's testimony and determined that jobs exist in significant numbers in the national economy that Plaintiff can perform (Tr. 29). Accordingly, she concluded that Plaintiff was not disabled (Tr. 29–30).

## The Evidentiary Record

The Court reviewed and considered the entire evidentiary record in preparing this Memorandum and Order. The following summary of the record is directed to the points raised by Plaintiff.

### Agency Forms

Plaintiff alleged disability due to mental and physical impairments, including bipolar disorder, anxiety, depression, ADHD, PTSD, chronic pain, fibromyalgia, Ehlers-Danlos Syndrome, and migraines (Tr. 206, 230, 265).

### Evidentiary Hearing

During the hearing, Plaintiff testified she is unable to work due to emotional dysregulation, overwhelming stress, migraines, confusion, fatigue, chronic pain, and difficulty with memory and concentration (Tr. 47–52). She reported migraines occurring multiple times per week, along with significant fatigue and joint pain (Tr. 48–52).

### Relevant Medical Records

The record reflects ongoing treatment for migraine headaches. Plaintiff presented to the emergency room on two occasions in the summer of 2022 for migraine-related symptoms (Tr.

1219–1237; 1360–1364).  During one visit, her headache resolved with a "migraine cocktail," after which she was resting comfortably with the lights turned down (Tr. 1224–1225).

On September 29, 2022, therapist Lisa Feldmann, LCPC, LPHA, documented that staff "noticed" Plaintiff was experiencing a migraine upon arrival to therapy (Tr. 2432).  On May 30, 2023, Feldmann noted that Plaintiff presented with low affect and reported experiencing a migraine "halo" (Tr. 2326).

On December 12, 2022, Plaintiff saw neurology provider Swetaben Patel, APRN-CNP, and reported that her headaches were moderate to severe, occurring daily and lasting one to two hours after taking medication (Tr. 2292).  Aimovig was prescribed for migraine prevention (Tr. 2297).

At a follow-up appointment on April 12, 2023, Plaintiff reported improvement with Aimovig; her headaches were occurring two to three times per week rather than daily and typically lasting about one hour after medication (Tr. 2281).  Nurtec was added to her treatment regimen (Tr. 2287).

The record reflects multiple prescriptions for migraine-related medications over time (Tr. 1512, 1518, 2281, 2287, 2292, 2297, 2990, 3059).

**State Agency Consultants' Opinions**

On May 25, 2022, Dr. Elizabeth Paisley reviewed Plaintiff's record and opined she had no disabling functional limitations (Tr. 84–85).  On December 1, 2022, Dr. John Peterson also found Plaintiff had no disabling restrictions (Tr. 98).

<u>**Discussion**</u>

Plaintiff argues the ALJ erred in two respects: (1) by finding that Plaintiff's migraine headaches were not a severe impairment at Step Two and failing to account for their effects in the

residual functional capacity ("RFC"), and (2) by improperly evaluating Plaintiff's subjective symptom allegations.  The Court addresses each argument in turn.

## Migraine Headaches

Plaintiff first argues the ALJ erred in finding that her migraine headaches non-severe and failing to account for their effects in the RFC.  Severity is a threshold inquiry.  So long as the ALJ identifies at least one severe impairment, she must proceed with the sequential evaluation and consider all impairments, severe and non-severe, in assessing the RFC.  *See Castile v. Astrue*, 617 F.3d 923, 927–28 (7th Cir. 2010).

Here, the ALJ found multiple severe impairments and continued the analysis through Step Five.  Specifically, she acknowledged Plaintiff's reports of frequent headaches, her treatment history including emergency room visits, and her use of migraine medications (Tr. 20; Doc. 29, p. 11).  Plaintiff contends that the frequency and duration of her migraines interfered with sustained work activity, pointing to vocational expert testimony that excessive absences or time off task would preclude employment (Tr. 60; Doc. 30, p. 3).

Plaintiff bears the burden of establishing not only the existence of an impairment, but also the resulting functional limitations.  *See Brian J. v. Saul*, 438 F.Supp.3d 903 (N.D. Ill. Feb. 7, 2020).  Significantly, Plaintiff has not identified medical evidence linking her migraines to specific work-preclusive limitations.

Because the ALJ considered all available evidence, including Plaintiff's non-severe impairments, treatment history, objective findings and migraine condition, and reasonably concluded no additional functional limitations were warranted (Tr. 22, 23, 25; Doc. 29, pp. 5–11), the Court finds no reversible error.  *Thorpe v. Bisignano*, 148 F.4th 432, 436 (court does not reweigh evidence).

**Evaluation of Plaintiff's Credibility**

Plaintiff next argues the ALJ improperly evaluated her subjective symptoms (Doc. 22, p. 7). An ALJ is not required to credit a claimant's own reports of disabling symptoms. *See Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020), citing 42 U.S.C. § 423(d)(5)(A). Instead, an ALJ is required to give reasons sufficient to provide a fair sense of how he assessed a claimant's testimony and statements. *See* Social Security Ruling (SSR) 16-3p, 2017 WL 5180304 (Oct. 25, 2017). To reverse the ALJ's findings regarding impairment-related symptoms, Plaintiff must establish the ALJ was "patently wrong" when evaluating them. *Cullinan v. Berryhill,* 878 F.3d 598, 603 (7th Cir. 2017) ("We will overturn an ALJ's decision to discredit a claimant's alleged symptoms only if the decision is 'patently wrong,' meaning it lacks explanation or support").

In this case, the ALJ acknowledged Plaintiff's reports of migraines, chronic pain, and mental health symptoms, and discussed her treatment history, including medication management and emergency room visits (Tr. 22–25; Doc. 29, pp. 6–10). She found that Plaintiff's medically determinable impairments "could reasonably be expected to cause her alleged symptoms" but concluded that Plaintiff's statements regarding their intensity, persistence, and limiting effects were not "entirely consistent with the medical evidence" (Tr. 23; Doc. 29, p. 8).

Throughout her decision, the ALJ compares medical records with Plaintiff's testimony about her condition. As such, the ALJ properly assessed the credibility of Plaintiff's statements in light of the objective testing and medical records. Her analysis was not "patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)

**Conclusion**

After careful review of the record, the Court finds that the ALJ's findings are supported by substantial evidence. Therefore, the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits is **AFFIRMED**. The Clerk of Court shall enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED: March 31, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**